**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KENLEY POWELL,

                                    Plaintiff,

                    - v -                                     Civ. No. 1:08-CV-344
                                                                (TJM/RFT)

JULIA HARRIS,

                                    Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

KENLEY POWELL
Plaintiff, *Pro Se*
133 Williams St.
Newburgh, NY 12500

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court a civil rights Complaint, together with an Application to

Proceed *In Forma Pauperis* (IFP), and a Motion to Appoint Counsel, filed by *pro se* Plaintiff Kenley

Powell.  Dkt. No. 1, Compl; Dkt. No. 2, Mot. for IFP; Dkt. No. 3, Mot. to Appt. Cnsl.  Because the

pleading filed by Powell fails to satisfy the basic pleading requirements, as more fully discussed

below, this Court recommends an order be issued directing Plaintiff to file an amended complaint

should he wish to avoid dismissal of this action.

## I.  DISCUSSION

### A.  Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a

clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the

pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2).  The purpose of this Rule "is to give fair

notice of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*, 1998 WL 832708, at *1

(S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.

1995) (McAvoy) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular

paragraph in a prior pleading[.]"  *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17,

1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the

defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess

the sufficiency of a plaintiff's claims, and may properly be dismissed by the court.  *Gonzales v.

Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy).  As the Second Circuit has stated, "[w]hen

a complaint does not comply with the requirement that it be short and plain, the Court has the power,

on its own initiative, . . . to dismiss the complaint."  *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988).  "Dismissal, however, is usually reserved for those cases in which the complaint is so

confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well

disguised."  *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation

omitted).  In those cases in which the court dismisses a *pro se* complaint for failure to comply with

these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its

face nonfrivolous.  *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B.  Allegations Contained in the Complaint

A review of the Complaint reveals that such pleading clearly fails to satisfy the requirements

of the above-mentioned Federal Rules.  The Complaint consists of one rambling paragraph that is

incoherent and fails to implicate the named Defendant, Julia Harris, in any manner whatsoever.[1]  In

addition, the Complaint fails to identify the basis for this Court's subject matter jurisdiction.  It is

well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion

the want of its own jurisdiction.  *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512  (1973).

A challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the

court.  *Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988); FED. R. CIV. P. 12(h)(3);

*see also United States v. Griffin*, 303 U.S. 226, 229 (1938); *Louisville & Nashville R.R. Co. v.*

*Mottley*, 211 U.S. 149, 152 (1908). When subject matter jurisdiction is lacking, dismissal is

mandatory.  *United States v. Griffin*, 303 U.S. at 229; FED. R. CIV. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

---

[1] Plaintiff's Complaint states:

I would like for you to help me in this matter, I have spend [sic] all my saving[s] without any result[.] Here I send coppy [sic] with information[.] Let me [be] brief[.] I was sent copy of support from social service of Kingston N.Y. 2001[.] I went and took blood test for paternity in 1990 the case was dismiss[ed], in 1985 December. Blood test was taken.  I have no knowledge of this test and prior June 2, 1986 was court trial court trial [sic] I have no knowledge of susch [sic] hearing, social services attorney admit that there was a fraud commit[ted] towards this case, this is the same attorney submit [sic] paper to the lower court towards this court and the same attorney who object [sic] my independent DNA and the same attorney, order jail term, I spent thirty days in jail and was refuse[d] a phone call to contact my family my taxi cab was leave [sic] in the street for thirty days.  In this I am really bitter.  But I leave this matter in the hands of the court.  Thank you.
Dkt. No. 1, Compl.

Finally, although the Complaint references an alleged fraud, the circumstances and perpetrators of that alleged fraud are not apparent, nor does Plaintiff identify or explain any injury he might have suffered. Based upon a review of the Exhibits attached to the Complaint, it appears that Plaintiff's claims stem from prior state filiation proceeding to which he was a party. However, the claims he raises by this Complaint are unintelligible and in no manner give fair notice to the Defendant as to the substance of the claims Plaintiff intends to assert. In sum, the Complaint is not presented in such a manner that would enable a potential defendant to adequately respond thereto.

Since Kenley's Complaint plainly does not comply with the requirements of the above-mentioned rules, we recommend the District Judge advise Plaintiff that unless he files an amended complaint his action will be dismissed.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Kenley is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Kenley claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional

rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint and state the basis for the subject matter jurisdiction of this Court; **any Defendants not named in such pleading shall not be Defendants in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

### C. *In Forma Pauperis* Application

Accompanying Plaintiff's Complaint is a Motion for Leave to Proceed with this Action *In Forma Pauperis*. Dkt. No. 2. Although it appears Plaintiff has already paid the filing fee in full, obtaining IFP status would allow him to apply for certain benefits in the future such as service of process by the U.S. Marshal Service and appointment of counsel. Therefore, the IFP Application will be considered.

In his IFP Application, Plaintiff states that he is employed and earns $350 per week. In addition, Plaintiff indicates he has $1500 in a savings account, and that the average balance of said account during the six months preceding his IFP Application was $1000. Based upon this information, Plaintiff does not qualify for IFP status and theApplication is **denied**.

### D. Motion for Appointment of Counsel

Lastly, we address Plaintiff's Motion for Appointment of Counsel. Dkt. No. 3. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the

court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  *Terminate Control Corp v. Horowitz.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  Of these criteria, the most important is the merits of the claims, *i.e.*, "whether the indigent's position was likely to be of substance."  *McDowell v. State of N.Y.*, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).  Indigents do not have to demonstrate that they can win their cases without the aid of counsel; but, they do have to show likely merit.  *Id.*

    This action was only recently commenced.  Given the above analysis, this Court cannot assess the merits of Plaintiff's allegations due to the insufficiency of his pleading.  Where a Plaintiff provides mere allegations relating to his or her claims, as opposed to evidence, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel.  *See Harmon v. Runyon*, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).  In light of the foregoing, the Court **denies** Plaintiff's Motion for Appointment of Counsel without prejudice.

    **WHEREFORE**, it is hereby

    **ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 2) is **denied**; and it is further

    **ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is **denied without prejudice**; and it is further

    **RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the instructions above.  In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper.  Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   May 14, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge