UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENLEY G. POWELL,

                                  Plaintiff,

    v.

JULIA HARRIS, "JOHN DOE," THE COUNTY OF
ULSTER and ERIN D. OLIVER,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 seeking damages resulting from orders of the Ulster County Family Court: (1) finding Plaintiff to be the father of Terrence Harris; (2) directing Plaintiff to pay child support; (3) denying Plaintiff's claim that the orders of support and paternity were the result of fraud; and (4) finding Plaintiff to have violated the order of support. Presently before the Court is a motion for summary judgment pursuant to Fed. R. Civ. P. 56 by Defendants County of Ulster and Erin Oliver seeking dismissal of the Amended Complaint in its entirety.

**I.    FACTS**

The instant action arises out of a disputed paternity proceeding initiated by Defendant Julia Harris on behalf of her son, Terrance Harris. Plaintiff was ordered by the Family Court to appear for a paternity test. Plaintiff contends that he appeared when required. On June 19, 1985, blood was drawn from Plaintiff for the purpose of testing

paternity. It is alleged that blood also was drawn on December 11, 1985. Plaintiff contends that he did not appear on December 11, 1985 and that blood was drawn from another person. On June 2, 1986, the Ulster County Family Court adjudicated Plaintiff to be the father of Terrence Harris. An Order of Filiation was entered on June 4, 1986. Plaintiff claims that he was not present at the relevant court proceeding to determine paternity and that he never received notice of the hearing.

Terrence Harris's aunt, Diann Montgomery, obtained custody of Terrance. In 2001, the Ulster County Department of Social Services ("DSS") pursued a child support petition on Ms. Montgomery's behalf. The DSS acted in this regard because Ms. Montgomery was receiving public assistance for Terrence Harris. In August 2001, a hearing examiner directed Plaintiff to pay $25.00 per month to DSS. Claiming that he was not the father of the child, Plaintiff filed objections to the hearing examiner's conclusions. The Ulster County Family Court denied Plaintiff's objections. Plaintiff filed an appeal, which was never perfected. In May 2004, a money judgment was entered against Plaintiff.

In August 2004, Plaintiff moved in state court to vacate the paternity and support orders. Plaintiff alleged that he was not the father of Terrence Harris, he did not go to the blood tests with the mother, he is not the person pictured in the blood test paper work, he was never informed of the trial that resulted in the finding of paternity, and the paternity proceedings were the result of fraud. Plaintiff's motion was denied. Plaintiff's appeal also was denied. As a result of Plaintiff's failures to pay child support, he was incarcerated.

Plaintiff commenced the instant action asserting claims for false arrest, false imprisonment, abuse of process, and violations of his right to be free from an unreasonable search and seizure. The crux of Plaintiff's claim is that Defendants falsified the blood test

that resulted in the finding of paternity, the order of support, and, ultimately, the finding that Plaintiff violated the support order. Presently before the Court are Defendants County of Ulster and Erin Oliver's motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Amended Complaint in its entirety.

## II.     STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in her favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21

F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

### III.     DISCUSSION

#### a.     Statute of Limitations

Defendants first seek dismissal on the ground that the instant action is untimely. Most of Plaintiff's claims arise out of Family Court proceedings that occurred in the 1980s. Plaintiff clearly was aware of any alleged injury resulting from these proceedings by 2004 (if not much sooner), at which time he filed a motion to vacate the orders of paternity and support on grounds similar to those raised in this action. Because the instant action was not filed until 2008, more than three years after 2004, all claims arising out of the paternity and support orders are time-barred. Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 573 (1989).

#### b.     Fourth Amendment and Abuse of Process Claims

Plaintiff contends that, as a result of Defendants' actions, he was the subject of an unreasonable search and seizure, false arrest, false imprisonment, and malicious prosecution.

Assuming Plaintiff's Fourth Amendment and abuse of process claims are timely, they must, nonetheless, be dismissed. "To state a claim . . . for malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). Plaintiff's malicious prosecution claim must be dismissed because he fails to point to evidence suggesting that

any proceeding terminated in his favor.  To the contrary, Plaintiff was unsuccessful before Family Court and on appeal to the Appellate Division, Third Department.  Plaintiff similarly does not point to evidence showing that the finding that he violated the support order was terminated in his favor.  Moreover, there is insufficient evidence in the record from which a fair-minded trier of fact could reasonably conclude that there was no probable cause for the proceeding or that the proceedings were instituted with malice.

To state a claim for false arrest or false imprisonment, Plaintiff must prove that: (1) Defendants intended to confine Plaintiff, (2) Plaintiff was conscious of the confinement, (3) Plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.  Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).  Here, Plaintiff's arrest and imprisonment were the result of lawful court proceedings and, therefore, the confinement was privileged.

"[A] malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994).   Here, because there was an order of support and evidence that Plaintiff was not complying therewith, any process against Plaintiff was justified and for a proper purpose. Further, there is insufficient evidence from which it reasonably can be concluded that Defendants sought to obtain a collateral objective outside the legitimate ends of the process.

### c. Res Judicata/Rooker-Feldman

Furthermore, to the extent Plaintiff alleges that he is not the father of Terrence Harris and that the paternity proceedings were the result of fraud, Plaintiff fully litigated those issues in state court and lost. See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 366 (2d Cir. 1995). Plaintiff may not raise these same claims again in this forum.

Moreover, many (if not all) of Plaintiff's claims are barred by the Rooker-Feldman doctrine. That doctrine applies when the following elements are satisfied: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." Green v. Mattingly,  — F.3d —, 2009 WL 3365821, at *3 (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted)). Here, Plaintiff lost in state court, he complains of injuries caused by a state-court judgment (*i.e.* the judgment of paternity and the judgment finding Plaintiff in violation of the support order), Plaintiff asks this court to reject those prior judgments (*i.e.* agree that the blood test was a fraud, that Plaintiff is not the father, that Plaintiff was not liable to pay support, and, therefore, the finding that he violated the support order was faulty), and the state court proceedings ended before commencement of the instant action.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's Amended Complaint is DISMISSED IN ITS ENTIRETY.[1]

IT IS SO ORDERED.

Dated: October 27, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Defendant Harris never appeared in this action. Nevertheless, because the Court has found no constitutional violations and because Harris did not act under color of state law, the Amended Complaint must be dismissed as to her.